NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE NERY MUNOZ-ASCENCIO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 14-74023 Agency No. A070-815-929 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Felipe Nery Munoz-Ascencio, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum and

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*,

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Munoz-Ascencio failed to establish that the threats from guerrillas rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (citation omitted)). In his opening brief, Munoz-Ascencio fails to challenge the agency's determination that the harm he fears in El Salvador would be on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Munoz-Ascencio's asylum and withholding of removal claims fail.

We lack jurisdiction to consider Munoz-Ascencio's contentions regarding an imputed political opinion and a newly proposed particular social group of "former El Salvadorian soldiers threatened by Salvadorian leftists" because they were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**